# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DOOVOO TRUST AND HOLDINGS et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. CIV-24-973-G |
| ) | |
| **BANK OF THE WEST et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

On September 20, 2024, Plaintiffs DooVoo Trust and Holdings, DeAngelo Sherfield (Trust), and ICandee (Trust), proceeding pro se, filed this lawsuit, identifying several defendants. On or about December 19, 2024, Plaintiffs' 90-day period for service provided by Federal Rule of Civil Procedure 4(m) expired, and there was no indication from the docket that Plaintiffs had obtained summons or perfected service of this lawsuit on any defendant. Accordingly, on January 7, 2025, the Court directed Plaintiffs to show cause in writing, within 14 days, why the claims against the defendants should not be dismissed. *See* Order of Jan. 7, 2025 (Doc. No. 3). The Court's Order was mailed to Plaintiffs at their address of record.

Plaintiffs have not responded to the Order or shown that service has been perfected as any defendant. Nor has any defendant answered or otherwise indicated awareness of Plaintiffs' lawsuit.

A plaintiff in a federal civil lawsuit is required to have each defendant served with a summons and a copy of the pleading by a date certain. *See* Fed. R. Civ. P. 4(c)(1), (m).

Although Plaintiffs are pro se litigants, they are required to comply with the same rules of procedure as govern other litigants, including Rule 4. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that pro se plaintiff was "obligated to follow the requirements of Fed. R. Civ. P. 4"). Thus, Plaintiffs' failure to complete proper service upon a defendant within the prescribed time limit is grounds for dismissal of all claims against that party, absent any justification for this failure. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Plaintiffs have made no attempt to show "good cause" under Rule 4(m) for the failure to complete service by the extended deadline, and no "good cause" is otherwise reflected in the record before the Court. *Id.* Notwithstanding Plaintiffs' failure to show good cause, the undersigned still must consider whether a permissive extension of time to complete service of process is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Tenth Circuit has noted that a permissive extension of time may be appropriate where "policy considerations might weigh in favor of granting a permissive extension of time." *Id.* at 842. In making this determination, the Court must consider: (1) whether "the applicable statute of limitations would bar the refiled action"; (2) whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and (3) whether there is reason to protect a pro

2

se plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* at 842 & n.8 (internal quotation marks omitted).

Here, the undersigned finds no policy considerations meriting additional time for service. Plaintiffs are not proceeding *in forma pauperis* and have made no further request for additional time or assistance with service. Further, assuming Plaintiffs' statute of limitations has expired, a dismissal under Rule 4(m) would not necessarily bar the refiling of certain of Plaintiffs' claims. Oklahoma's "savings statute" may save certain claims because a Rule 4(m) dismissal represents a failure "otherwise than on the merits" within the meaning of title 12, section 100 of the Oklahoma Statutes. *Young v. Rios*, No. CIV-15-641-R, 2018 WL 2079509, at *2 (W.D. Okla. May 4, 2018). In other words, Plaintiffs may be able to refile any such state-law claims within one year of dismissal without prejudice "although the time limit for commencing the action shall have expired before the new action is filed." Okla. Stat. tit. 12, § 100; *see Young*, 2018 WL 2079509, at *2.

Thus, the *Espinoza* factors weigh in favor of dismissal under Rule 4(m), and the Court discerns no other policy considerations that might warrant a permissive extension in this case. Further, Plaintiffs have been warned that failure to accomplish service would result in dismissal and afforded an opportunity to justify their failure to do so. *See Smith v. Glanz*, 662 F. App'x 595, 596, 597-98 (10th Cir. 2016).

## CONCLUSION

Accordingly, the Court DISMISSES WITHOUT PREJUDICE all claims alleged in Plaintiffs' Complaint (Doc. No. 1) for failure of service under Rule 4(m) of the Federal Rules of Civil Procedure.

A separate judgment shall be entered.

IT IS SO ORDERED this 11th day of February, 2025.

_____
CHARLES B. GOODWIN
United States District Judge

4